# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPLENDID PRODUCTS, LLC, a California limited liability company, and SHAPIRO-GILMAN-SHANDLER CO., a California corporation,<br><br>                Plaintiffs,<br><br>    vs.<br><br>REY & REY PRODUCE, INC., a California corporation; MANUEL REYNOSO, an individual; ELIZABETH REYNOSO, an individual; and MIGUEL MUNOZ, an individual,<br><br>                Defendants. | Case No.  CV 08-06484 VBF(AGRx)<br><br>**PRELIMINARY INJUNCTION**<br>[Hon. Valerie Baker Fairbank]<br><br>Date:               October 17, 2008<br>Time:             1:30 p.m.<br>Place: Courtroom 9<br>Complaint Filed:  October 2, 2008<br>Trial Date:        None Set<br>Pretrial Conf.:    None Set<br>Discovery Cut-off:  None Set |

      This matter is before the Court upon Plaintiffs' Motion for Preliminary Injunction or alternatively Temporary Restraining Order with Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

      Pursuant to Rule 65, a Temporary Restraining Order and/or Preliminary Injunction may issue if it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to Plaintiffs absent injunctive relief.

      In this case, it clearly appears from the declarations of the representatives of Plaintiffs SPLENDID PRODUCTS, LLC ("SPLENDID") and SHAPIRO-GILMAN-SHANDLER CO. ("SGS"), (hereinafter referred to as "Plaintiffs"), and the Declarations of Gonzalo Alvarado, David Lee and Robert P. Lewis, Jr., that Plaintiffs are produce dealers and creditors of Defendants REY & REY PRODUCE, INC. ("R&R"), a corporation; MANUEL REYNOSO ("MR"), an individual; ELIZABETH REYNOSO ("ER"), an individual; and MANUEL MUNOZ ("MM"), an individual; (hereinafter referred to collectively as "Defendants").  Under Section 5(c) of the Perishable

1.

Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and that Defendants have not paid the aggregate principal amount of $148,027.41 due to Plaintiffs for produce purchased by Defendants as required by the PACA. Plaintiffs also established to the Court's satisfaction that Defendants are in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the declarations on file herein, it appears that Defendants are not or may not be in a position to pay the claims of Plaintiffs SPLENDID and SGS.

The pleadings and supporting documents on file establish the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavits and other submissions Plaintiffs filed in this matter, and further based upon the findings of fact adopted by this Court, it appears the Plaintiffs will suffer immediate and irreparable injury due to Defendant's dissipation of Plaintiffs' beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep.No.543, 98th Cong., 2d Sess.4 (1983), reprinted in 1984 U.S. Code & Admin.News 405,411. *Tanimura And Antle, Inc. v. Packed Fresh, Inc.*, 222 F.3d 132, 140-141 (3d Cir. 2000); *J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Brtcy. N.D.Fla. 1989). Entry of this Order assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

Upon review of Plaintiffs' Complaint, on file in the above-titled action, and Plaintiffs' *ex parte* application for injunctive relief, and declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and all documents on file with the Court, and it appearing to the satisfaction of the Court that this is a proper case for granting a Preliminary Injunction; therefore,

IT IS HEREBY ORDERED that Defendant REY & REY PRODUCE, INC.; and its employees and agents, be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that Defendant, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Order place into a Trust, the PACA Trust assets in the amount of at least $148,027.41 the cumulative amount of the PACA Trust principal owing to Plaintiffs. Said Trust shall be the Attorney Trust account of Choate & Choate.

IT IS FURTHER ORDERED that during the pendency of this action, Defendant, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendant, from Defendant's banking accounts, including but not limited to Defendant's accounts located at Farmers & Merchants Bank, Torrance, California, account number 19010850, Banco Popular, Los Angeles, California, account number 6805665962, or any other subsequently discovered banking account standing in one or more of Defendant's names.

IT IS FURTHER ORDERED that in the event Defendant lack sufficient funds to promptly deposit the sums described above, Defendant shall be and hereby are required and ordered to:

D. Immediately account to Plaintiffs for all assets of the PACA trust from commencement of Defendant's business through the date of this Order.

E. Immediately assign Defendant's inventory of perishable agricultural commodities

1  and produce related receivables to Plaintiffs for collection until Plaintiffs are fully paid, and deposit
2  and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs'
3  counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting
4  for all receivables received or collected by Plaintiffs' counsel in that regard.  Plaintiffs' counsel shall
5  act as trustee in connection with its duties of collection of the accounts receivable and shall deposit
6  any cash assets of the trust which are collected under this order in a trust account. In Plaintiffs' sole
7  discretion, to the extent necessary to prevent loss of Defendant's inventory of perishable agricultural
8  commodities through decay, over-ripening, spoliation or improper storage or handling; Plaintiff may
9  immediately take possession of any such inventory and sell such inventory through a PACA licensed
10 broker.  The proceeds of any such sales shall be held in trust by Plaintiffs' counsel pending further
11 order of this court.  Any broker retained by Plaintiffs or Plaintiffs' counsel to effectuate such sales
12 may retain a brokerage commission in an amount reasonable and customary in the produce industry.
13         F.     Endorse any checks made, endorsed or paid, to Defendant which are trust assets and
14 which are in their possession or obtainable by Defendant at the time of the entry of this Order, or
15 which Defendant obtains or which becomes obtainable by  after the entry of this Order, including
16 but not limited to checks representing payment for sales of growing crops, and shall deliver said
17 assets within 48 hours of Defendant's receipt of them to Plaintiffs' counsel as set forth above.
18         G. Likewise, Defendant shall deliver any cash assets of the PACA trust which are in its
19 possession or are obtainable by Defendant at the time of the entry of this order, or which Defendant
20 obtains or which becomes obtainable by Defendant after entry of this Order, within 48 hours of
21 Defendant's receipt of them to Plaintiff's counsel.
22         H.     On or before <u>October 31, 2008</u> file with this Court satisfactory evidence of
23 compliance with the terms of this Order.  The Court sets a Status Conference in this case on
24 <u>November 3, 2008 at 9:00 a.m.</u>
25         IT IS FURTHER ORDERED that during the pendency of this action, and continuing
26 thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and
27 continuing access to all of Defendant's books and records, which shall include but not necessarily
28 be limited to, Defendant's accounts receivable and payable ledgers, invoices, ledgers, computer runs,

1  bank statements and canceled checks, relating to Defendant's business and personal financial status
2  from commencement of Defendant's business activities forward for the purpose of verifying
3  Defendant's accountings required by this Order and for enforcement of this Order. Defendant shall,
4  upon 2 business days notice by Plaintiffs' counsel, allow inspection and copying of the books and
5  records of said Defendant by Plaintiff or their representatives at Defendant's place of business.

6  IT IS FURTHER ORDERED that during the pendency of this action, Plaintiffs shall be
7  entitled to depose, under oath, at reasonable times and places, upon at least 2 business days notice,
8  Defendant and/or Defendant's other principals, owners, directors, officers, shareholders, employees,
9  agents and accountants concerning any matter pertaining to any accounting due pursuant to this
10 Order, any books which Plaintiffs are entitled to inspect under this Order, the trust assets or any of
11 Defendant's assets, and/or Defendant's business practices, procedures or operations from
12 commencement of Defendant's business activities.

13 IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before
14 the Preliminary Injunction is effective.

15 Plaintiff to give notice by mail and personal delivery or fax within 24 hours.

17 DATED: October 17, 2008

*Valerie Baker Fairbank*
_____
United States District Judge